UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **EMI Corporation,** | ) | **CASE NO.1:15 CV 1257** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Joseph Opal,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Dismiss or, in the Alternative, for Change of Venue (Doc. 6). This case arises out of defendant's former employment with plaintiff. For the following reasons, the motion is DENIED.

### Facts

Plaintiff EMI Corporation filed this Complaint against Joseph Opal, a former employee. Briefly, the Complaint alleges the following pertinent facts.

Plaintiff is an Ohio corporation with its principle place of business in Wickliffe, Ohio. Defendant is a resident of Illinois.  Defendant was employed by plaintiff as an Application Sales

1

Engineer from 2007 until his voluntary resignation from employment on April 3, 2015. Plaintiff designs, manufactures, and sells a wide range of specialty components in its End-of-Arm Tooling (EOAT) division for use in robotic manufacturing and assembly processes.  During his employment, defendant was responsible for contacting EMI's customers within his assigned territory to secure orders for EMI products including the EOAT components.  Defendant had direct access to plaintiff's extensive trade secrets, confidential and proprietary information, and customer information.

In January 2015, defendant received a recruiting solicitation from a German-American recruiting firm, Waldthausen, for a sales position with FIPA- a subsidiary of a German company with its principle place of business in North Carolina. FIPA competes with plaintiff in the manufacture and sale of EOAT business.  In February 2015, defendant traveled to North Carolina to meet with Waldthausen representatives to discuss the FIPA sales position. Although his cell phone records show that he was in North Carolina, defendant submitted a false expense report to plaintiff for car mileage reimbursement related to a supposed sales call on behalf of plaintiff in Illinois. In March 2015, defendant accessed plaintiff's computer systems and files to download plaintiff's trade secrets, confidential, and proprietary information.  Defendant then destroyed data on plaintiff's computer equipment and networks in order to conceal his misappropriation of the trade secrets and confidential information. On April 3, 2015, defendant resigned his employment and, unbeknownst to plaintiff, became employed by FIPA.

Later in April 2015, plaintiff discovered that defendant was now employed by FIPA and that he had misappropriated plaintiff's trade secrets, confidential, and proprietary information.

The Complaint asserts eight claims: violation of the computer fraud and abuse act, 18

2

U.S.C. § 1030 (Count One), misappropriation of trade secrets (Count Two), breach of duty of loyalty (Count Three), tortious interference with business/contractual relations (Count Four), unfair competition (Count Five), fraud (Count Six), replevin (Count Seven), and preliminary and permanent injunction (Count Eight).

This matter is now before the Court upon defendant's Motion to Dismiss or, in the Alternative, for Change of Venue.

**Discussion**

Defendant seeks dismissal for improper venue or, alternatively, for a change of venue to the Northern District of Illinois.

**(1) improper venue**

Defendant moves to dismiss this action pursuant to Rule 12(b)(3) for improper venue. The federal statute governing venue of civil actions brought in federal district courts provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Plaintiff bears the burden of establishing that venue is proper once an objection to venue has been raised, and this Court may consider affidavits in its determination. *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir.1989).

Defendant submits his declaration wherein he states that none of his interactions with

FIPA or Waldthausen occurred in Ohio; claims for expense reimbursement came from plaintiff's location in Shelby County, Ohio[1]; and he cleared data from his cell phone, computer, and tablet while in Illinois.  (Joseph Opal decl.)

Plaintiff asserts that venue here is appropriate under § 1391 (b)(2).  This Court agrees.  The Complaint alleges that defendant accessed EMI's computer systems and files for the purpose of acquiring EMI's trade secrets, confidential, and proprietary information. It is also alleged that defendant accessed his EMI email account and "double deleted" emails so that they were unrecoverable.  Plaintiff submits the affidavit of James Andraitis, its President, who states that plaintiff's main office is located in Wickliffe, Ohio[2].  Andraitis states that EMI's email systems and servers are located in Cuyahoga County, Ohio.  Courts have found that where a defendant accesses trade secret information out of state stored on a computer located in the forum state, venue is proper where the computer servers are located.  *See The Premier Group v. Bolingbroke,* 2015 WL 4512313 (D.Col. July 27, 2015)  Andraitis also states that all business decisions and sales activities are made and headquartered in Wickliffe, and the EOAT business operations, engineering, warehousing, assembly, and sales activity are conducted and managed in Wickliffe. Thus, the Court finds that EMI's trade secrets, confidential, and proprietary information were located in this district. Finally, while defendant states that his expense reimbursement was paid from the Shelby County locations, Andraitis states that defendant submitted his false expense report to plaintiff's treasurer in Wickliffe where the reimbursement request was approved.

---

[1] This is located in the Southern District of Ohio.

[2] This is located in the Northern District of Ohio.

For these reasons, the Court finds that venue is proper in this district.

**(2) change of venue**

Alternatively, defendant requests to transfer venue to the Northern District of Illinois as permitted by 28 U.S.C. § 1404(a) "for the convenience of the parties and witnesses, in the interest of justice."  In exercising its discretion, courts rely on a number of factors, including: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *AlixPartners, LLP v. Brewington*, 2015 WL 5273878 (E.D.Mich. September 9, 2015) (citations omitted).

Defendant states that the change in venue would be more convenient for him as he is the sole support for himself and his family which includes two young children, one with special needs.  Additionally, he is "attempting to get off on the right foot in [his] new job" which has become more challenging with plaintiff making false accusations against him and threats to his new employer.

Aside from the inconvenience to himself, defendant has not demonstrated that the factors weigh in favor of changing venue. On the other hand, Andraitis's affidavit shows that the email servers and systems are located in this district, the witnesses who may testify on plaintiff's behalf involving the systems and servers are located here, and computer forensic consultants who examined and analyzed the electronic equipment returned by defendant to Wickliffe are also

located in this district.

For these reasons, the factors weigh in plaintiff's favor and a change in venue is not warranted.

**Conclusion**

For the foregoing reasons, defendant's Motion to Dismiss or, in the Alternative, for Change of Venue is denied.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/29/15